UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERNEST JACKSON                                                                                PLAINTIFF

V.                                          CIVIL ACTION NO. 3:24-CV-437-KHJ-MTP

UNITED PARCEL SERVICE, INC., et al.                                           DEFENDANTS

ORDER

Before the Court are Defendant United Parcel Service, Inc. (Ohio)'s (UPS) [2] Motion to Dismiss and Plaintiff Ernest Jackson's [5] Motion for Voluntary Dismissal or Consolidation. For the following reasons, the Court GRANTS UPS's Motion and DISMISSES WITH PREJUDICE all claims against UPS. Because the Court dismisses this action with prejudice under Federal Rule of Civil Procedure 12(b)(6), it FINDS AS MOOT Jackson's Motion requesting voluntary dismissal under Rule 41(a)(2) or consolidation under Rule 42.

I.    Background

This is an employment discrimination case. Jackson worked as a Feeder On Road Supervisor at UPS for about six years. *See* Compl. [1-1] ¶ 9. At some point, he was diagnosed with shift work sleep disorder and requested that UPS allow him to work the day shift. *Id.* ¶ 10. UPS denied that request. *Id.* In mid-December 2020, Jackson got into an argument with a UPS manager, and he decided to take a six-week leave of absence. *Id.* ¶ 11–12. When he returned to work in February 2021, Jackson was "terminated for violating company policies." *Id.* ¶ 12. He filed a

complaint with the Equal Employment Opportunity Commission (EEOC) and received a right-to-sue letter on March 18, 2022. *See id.* ¶ 17. Exactly 90 days later, he sued UPS in federal court on June 16, 2022, alleging violations of the Americans with Disabilities Act (ADA). Complaint, *Jackson v. United Parcel Serv., Inc.*, No. 3:22-CV-337 (S.D. Miss. June 16, 2022), ECF No. 1.[1] But Jackson failed to prosecute the case: There is no evidence that he served UPS with process, and there has been no docket activity since September 15, 2022. Def.'s Resp. [8-3] at 2.

With his federal case lying dormant, Jackson then filed a nearly identical action in Hinds County Circuit Court on February 26, 2024, which UPS timely removed to this Court under 28 U.S.C. §§ 1331 and 1441. Notice of Removal [1] at 1, 4. UPS moved to dismiss this action on July 29, 2024, under Federal Rule of Civil Procedure 12(b)(6), alleging that Jackson's claim is time-barred. *See* [2]. Rather than responding to UPS's motion, Jackson moved the Court to voluntarily dismiss this case under Rule 41(a)(2) or, in the alternative, to consolidate it with his initial lawsuit under Rule 42. *See* [5].

II.    Standard

The Federal Rules of Civil Procedure apply to civil actions removed from state court. Fed. R. Civ. P. 81(c)(1). Rule 12(b)(6) permits the dismissal of a complaint if it fails "to state a claim upon which relief can be granted." When reviewing a complaint under Rule 12(b)(6), the Court only considers the complaint, documents incorporated into it by reference, and matters subject to judicial notice.

---

[1] The Court may take judicial notice that Jackson filed this prior action. *See Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (per curiam).

2

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The Court must accept all factual allegations in the complaint as true, but it is not bound to accept legal conclusions framed as factual statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). To survive a motion to dismiss, a complaint must include enough factual allegations to state a facially plausible claim to relief. *Id.* at 678. A claim has facial plausibility if the Court may reasonably infer the defendant's culpability from the facts alleged by the plaintiff. *Id.*

A successful affirmative defense may provide the basis for a dismissal under Rule 12(b)(6) if it appears on the face of the complaint. *Am. Precision Ammunition, L.L.C. v. City of Mineral Wells*, 90 F.4th 820, 824 (5th Cir. 2024). Since a statute of limitations is an affirmative defense, the defendant has the burden of proof. *Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 254 (5th Cir. 2021) (per curiam). In such cases, the Court may grant a motion to dismiss on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling. *Turnage v. Britton*, 29 F.4th 232, 244 (5th Cir. 2022). If a party seeks equitable tolling, that party bears the burden of proof. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

III.   Analysis

The Court dismisses this action because it is time-barred. The ADA requires a plaintiff to file suit within 90 days of receiving a right-to-sue letter. 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(f)(1)). Jackson filed this suit 710 days after receiving his letter. *See* [1-1]. Thus, the limitations period bars his claim.

Before pursuing ADA claims in federal court, a plaintiff must first exhaust the statute's administrative remedies. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996) (per curiam); *see also* § 12117(a) (applying Title VII's exhaustion procedures to the ADA). First, a plaintiff must file a timely charge with the EEOC. *Dao*, 96 F.3d at 789 (citing § 2000e-5(e)(1)). Then, if the EEOC concludes that there is no reasonable cause to believe that an illegal employment practice took place, it issues a right-to-sue letter. *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003); *see also* § 2000e-5(f)(1). Upon receiving the right-to-sue letter, the plaintiff has 90 days to file a civil action. *Dao*, 96 F.3d at 789 (citing § 2000e-5(f)(1)). Courts treat the 90-day filing requirement as a statute of limitations. *See Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985). And the requirement to file within the limitations period is strictly construed. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *see also Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 207–08 (5th Cir. 2015) (per curiam). Filing a timely ADA complaint does not toll the limitations period for future suits. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Here, Jackson admits in his Complaint that he received the EEOC's right-to-sue letter on March 18, 2022. [1-1] ¶ 17. He filed this suit on February 26, 2024, nearly two years after receiving the right-to-sue letter. *See* [1-1]. As a result, UPS raised the ADA's 90-day limitations period as an affirmative defense, which it has the burden to establish. While Jackson claims that "he timely filed the instant action," this is a legal conclusion that the Court is not bound to accept as true. *Id.*

¶ 17.[2] UPS has established that the limitations period bars this action because it is evident from the pleadings that this subsequent suit was filed after the 90-day limitations period elapsed. *See* [1-1]. And despite bearing the burden to establish grounds for equitable tolling, Jackson has not raised any. *See id.*; [5]. His initial complaint, while timely, did not toll the 90-day limitations period to permit his filing of this lawsuit. *See Berry*, 975 F.2d at 1191. Therefore, the Court finds that this action is time-barred and must be dismissed with prejudice for failure to state a plausible claim for relief. *See Williams v. Am. Com. Lines, Inc.*, No. 21-30609, 2022 WL 1652778, at *1 (5th Cir. May 24, 2022) ("Dismissal under [R]ule 12(b)(6) is a judgment on the merits and is typically with prejudice . . . .").

IV.   Conclusion

For the reasons given above, the Court GRANTS UPS's [2] Motion to Dismiss, FINDS AS MOOT Jackson's [5] Motion for Voluntary Dismissal or Consolidation, and DISMISSES WITH PREJUDICE all claims against UPS. In doing so, the Court has considered all the parties' arguments. Those arguments not

---

[2] Jackson's Complaint also states that it was "submitted this the 16[th] day of June, 2022." [1-1] at 8. But the file stamp on each page of the document confirms that the document was filed on February 26, 2024. *See* [1-1]. When deciding a Rule 12(b)(6) motion, "it is clearly proper" to take judicial notice of matters in the public record. *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Because the date that Jackson filed this action is both stamped on the Complaint itself and a matter of public record, the Court finds that the date file stamped on the Complaint controls. *Cf. Sligh v. City of Conroe*, 87 F.4th 290, 298 (5th Cir. 2023) (per curiam) (explaining that when an exhibit to a complaint contradicts the complaint, the exhibit controls).

addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this the 11th day of September, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE